**THOMAS, Trust, In re.**

Ohio Appeals, Second District, Franklin County.

No. 4302.   Decided June 27, 1949.

Shocknessy, Summers & Denton, John H. Summers, of Counsel, Columbus, for Harry B. Holmes, Trustee, Plaintiff-appellee.

Herbert & Dombey, Edwin M. Tuttle, Columbus, for Mae Thomas Hrobon, Applicant-appellant.

Wright, Harlor, Purpus, Morris & Arnold, Earl F. Morris, of Counsel, Columbus, for specific legatees and remaindermen.

## OPINION

By THE COURT.

Submitted on motion by Harry B. Holmes, one of the appellees herein, seeking an order dismissing the appeal on questions of law and fact. The record discloses that the order of the Probate Court from which this appeal was taken was the denial of the application of Mae T. Hrobon to remove Harry B. Holmes as trustee of the trust created by the will of Clay M. Thomas, deceased. The procedure to remove a fiduciary is statutory under favor of §10506-53 GC, and is not in any aspect a chancery case. See **Bernhard v. Irwin, 50 Abs 288.**

The motion to dismiss the appeal on law and fact will be sustained but the appeal will be retained for hearing on questions of law only as provided by §12223-22 and §11564 GC. The appellant will be granted the time allotted under supplement to Rule VII of this court for the filing of bill of exceptions, assignment of errors and briefs.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## LAW APPEAL FROM PROBATE COURT

No. 4302. Decided February 23, 1950.

Herbert & Dombey, Paul L. Herbert, of Counsel, Edwin M. Tuttle, Columbus, for appellant-applicant.

John H. Summers, Columbus, for appellee-trustee.

Wright, Harlor, Purpus, Morris & Arnold, Earl F. Morris, of Counsel, Columbus, for Clara J. Mann, Millie K. Watson, Ray G. Thomas and Margaret Cassidy, appellees-legatees and remaindermen.

## OPINION

By THE COURT.

This is a law appeal from the Probate Court for Franklin County.

The record discloses that pursuant to the provisions of the will of Clay M. Thomas, Harry B. Holmes was appointed and qualified as trustee of his estate. Under the terms of the trust Mae Thomas Hrobon, who was the widow of Clay M. Thomas, and who has since remarried, became the life tenant with the remainder to his brothers and sisters. This action was instituted by Mrs. Hrobon by the filing of an application for the removal of the trustee on the following grounds:

1. That he has been guilty of neglect of duty.

2. That the trustee has been guilty of incompetency.

3. That said trustee has been guilty of fraudulent conduct.

4. That the interests of the trust and the interest of the life tenant demand the removal of the said trustee.

Under each of the above charges there are listed several specifications to support them.

The Court appointed a special master to take testimony and report his conclusions of law and fact. The master in his report found that none of the grounds set forth in the application had been established. The Probate Court thereupon approved the report and rendered a judgment for the defendants, ordering that all of the costs be paid by the trustee out of the income from the trust.

Ten errors are assigned, all of which, except No. 9, allege that the findings of facts were contrary to law and against the manifest weight of the evidence. We have carefully examined these assignments and find that the facts as found by the master and confirmed by the court are not contrary to law. Judge Reynolds in a well considered opinion, answered all the legal questions raised on these assignments and it would serve no good purpose for us to cite authorities to support his legal conclusions.

A further examination of the record discloses that the factual findings are all based upon substantial evidence and they cannot therefore be said to be against the manifest weight of the evidence. A reviewing court will not disturb a judgment as being against the manifest weight of the evidence unless such fact is made to appear manifestly and clearly. It will have no hesitancy about reversing a judgment if it finds no competent evidence which tends to support it directly or by reasonable inference, but will not reverse the judgment as against the weight of the evidence if it is supported by any competent credible evidence which

goes to all the essential elements of the case. A reversal cannot be made by a reviewing court simply because the evidence is conflicting, for even though it might have returned a different verdict or finding from that rendered, it has no right to say that the verdict was not warranted.

The 9th assignment of error raises a legal question not considered by the trial court and to which we shall now direct our attention. It is here urged, although not discussed in the brief, that the court erred as a matter of law in assessing the entire costs of the appeal in this matter against the income of the trust. In some instances by express statutory authority costs are allowed to a particular party as a matter of right. However, there is no statute fixing such a right in an action for the removal of a trustee. Therefore, §11628 GC becomes applicable, which provides that in other actions the apportionment of costs is a discretionary power resting in the court "as it adjudges to be right and equitable." Since Mrs. Hrobon instituted the proceeding and failed it becomes only fair and equitable that the costs be at her expense, which they became when taxed against the trust income. We find there was no abuse of discretion by the trial court in this assignment.

In considering the statutory grounds for the removal of this fiduciary we are of the opinion that an examination of the report made by the auditors appointed by the court is most convincing that there was no neglect of duty or incompetency on the part of the fiduciary. The record discloses the net income for 1939, which was the first full year under which the fiduciary operated the business, was $22,522.76. The next three years it was substantially the same; that in 1942 it increased to $36,721.56. And each of the following years there was practically a 25% increase, and finally for the first eight months of 1946, which was when the action was instituted, it rose to $95,423.76. If we are clear in our thinking these figures would most emphatically reflect competent, capable and skillful management. The report shows that a proper account has been made of the trust res and there is no evidence of any fraudulent conduct by the fiduciary. A careful digest of the financial progress made during the eight years of the operation of the trust is most convincing that its best interest demands that the trustee be retained and not removed.

We find no legal ground for such removal and the judgment will therefore be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.