In re Trust created by Will of Thomas: Holmes et al.,
Appellants, v. Hrobon et al., Appellees.*

(No. 5873—Decided January 31, 1961.)

Mr. John H. Summers, for William W. Holmes and Robert
E. Holmes, administrators-appellants.

Mr. Earl F. Morris, for Ray G. Thomas et al., appellants.

Mr. Edwin M. Tuttle, for appellees and exceptor.

*Motion to certify record overruled (37398), April 18, 1962.

For earlier litigation in this matter, see 53 Ohio Law Abs., 21; 58 Ohio
Law Abs., 477; 93 Ohio App., 1; 107 Ohio App., 114; and 158 Ohio St., 508.
See, also, 116 Ohio App., 366.

McLAUGHLIN, J. This is an appeal on questions of law and fact from an order of the Probate Court of Franklin County removing Harry B. Holmes, as trustee named by the will of Clay M. Thomas, deceased.

In a declaratory judgment action filed by the trustee, and decided by the Supreme Court of Ohio in 1953, approval was given to the administration of this trust, with all its ramifications of law and fact. See *Holmes, Trustee,* v. *Hrobon,* 158 Ohio St., 508.

In an appeal on questions of law from a judgment of the Probate Court, this court, as then constituted, affirmed an order refusing to remove this trustee. In that case, practically the same grounds were urged and the same type of evidence was presented as in the present case. See *In re Trust of Thomas* (1950), 58 Ohio Law Abs., 477.

We have also given careful scrutiny to the transcript of all the proceedings in the Probate Court. It shows that: In 1946 that court denied an application to terminate the trust; in 1955 that court denied an application to remove the trustee as manager of the business of Atlas Laundry; that annually, with the exception of one year (1953), exceptions have been filed to the trustee's annual accounts, which were either overruled or not pressed for hearing; that the trustee applied for and obtained court approval for practically every move of substance or consequence made; that, until the final order of removal, every judicial entity or body—the Probate Court and its master commissioners, the Court of Appeals and its referees, and the Supreme Court—has given approval to Judge Holmes' administration of this trust.

We have familiarized ourselves with the report of the referee appointed here. It contains 139 separate findings of fact, 47 conclusions of law, and his decision of 70 pages. This report was rendered after careful consideration of some 1,500 pages of testimony and some 50 exhibits which constituted the Probate Court record, as well as the more than 1,000 pages of additional testimony and several hundred more exhibits introduced before the referee.

We have perused every page of this record, the transcript and the briefs of counsel.

This matter has been considered and treated here as one in

chancery and appealable on questions of law and fact. One of the referee's conclusions of law is to that effect. No exception was taken to it. Actually, if this appeal had been reduced to one of law only, the end result would be the same. We find from the record of testimony in the Probate Court, which record would have constituted the bill of exceptions in the law appeal, ample showing of what we consider to be an abuse of discretion on the part of the Probate judge in the removal of the trustee.

In this appeal on questions of law and fact, nothing new in substance has been added. The additional evidence and authorities cited are merely cumulative of what has gone before. The opinion of the Probate Court judge sets forth his reasons for removal of the trustee. That court, in our opinion, placed too much reliance on the Ulbright reports. We detect an anxiousness to replace the trustee. The record on paper discredits much of the Ulbright evidence and fails to justify the court's reasoning. The opinion therefore does not comport with that degree of equanimity and fairness requisite to impartial consideration.

The referee painstakingly and laboriously, after hearing all these witnesses and observing their demeanor and patiently examining all the exhibits, has placed his interpretations upon them.

The referee's findings of fact we find to be amply supported by the evidence. We adopt and incorporate them by reference.

Likewise, the referee's conclusions of law and his decision show a scholarly approach, a hard research, a proper citation and reliance upon recognized legal authority. We adopt and incorporate them by reference.

We have endeavored to make this review objectively. No member of this present court had any part in this long litigation. This writer never heard of this case before the instant appeal.

While the administration of this trust by Judge Holmes was not letter perfect, we cannot bring ourselves to anything but admiration and approval of it. We wonder what this trustee might have accomplished had he not been harassed at every turn by hungry opposition, "crying with a loaf of bread under each arm."

We reiterate that the allowance and allocation of costs of this particular appeal is within the discretion of this court. We follow the general rule as to equitable proceedings on appeal, that the prevailing party is entitled to his costs.

Therefore, it is found that all statutory costs relating to this appeal, together with such amounts as are determined to be due to the attorney for the trustee and for the attorneys for the administrators of the estate of Harry B. Holmes, deceased, with respect to the proceedings in this case in this court, together with such charges as were incurred for services rendered by Leonard L. Hopkins, certified public accountant, and charges incurred for the services of Hugh L. Leggett, Sr., examiner and photographer of questioned documents in this appeal case, should be charged to the assignee of the life tenant and paid out of the income of the trust.

*Judgment accordingly.*

BRYANT, P. J., and DUFFY, J., concur.

McLAUGHLIN, J., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.